IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| ASHTON THOMAS, | Case No. 3:21-cv-00372-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MIRIAM THOMAS and PEDRO RIVERA, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Ashton Thomas ("Thomas"), a self-represented litigant, filed this action alleging that defendants Miriam Thomas and Pedro Rivera (together, "Defendants") threatened to destroy his personal belongings, refused to return personal items, including mail, documents, and electronic devices, and have been sharing his personal information with others. For the reasons that follow, the Court dismisses Thomas's complaint (ECF No. 7).

## BACKGROUND

On March 11, 2021, Thomas filed this case alleging that Defendants violated 18 U.S.C. § 1708, a federal criminal statute prohibiting mail theft. (ECF No. 1.) In an Order dated April 1, 2021, the Court granted Thomas's application to proceed *in forma pauperis* (ECF

No. 2), and ordered Thomas to show cause why the Court should not dismiss this case for failure to state a claim. (ECF No. 6.) The Court advised Thomas that, should he seek to amend his complaint, he must state a civil cause of action.

On April 20, 2021, Thomas filed an amended complaint, alleging that Defendants threatened to destroy his personal belongings and have refused to return his personal items, including his mail, personal documents, and electronic devices. (ECF No. 7.) Thomas also alleges that Defendants have been sharing his personal information with others, and that as a result, he has been bullied, harassed, and received death threats. Thomas did not assert any specific civil cause of action in the amended complaint.

## LEGAL STANDARDS

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (stating that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Thomas is self-represented, and therefore

PAGE 2 – OPINION AND ORDER

this Court construes the pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

"Federal courts are courts of limited jurisdiction, and are presumed to lack jurisdiction over a case unless proven otherwise." *Zachow v. City of Portland*, No. 3:14-cv-00140-JE, 2014 WL 1236371, at *2 (D. Or. Mar. 25, 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The district court must dismiss a complaint *sua sponte* if it determines at any time that it lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) ("We are obligated to consider *sua sponte* whether we have subject matter jurisdiction." (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004))).

"Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute." *Zachow*, 2014 WL 1236371, at *2 (citing *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991)). Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states, or on a claim based on the United States Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §§ 1331, 1332.

Thomas's amended complaint should be dismissed for lack of subject matter jurisdiction because Thomas has failed to establish either federal question jurisdiction or diversity jurisdiction. In his amended complaint, Thomas checked a box asserting federal question jurisdiction as the basis for jurisdiction. However, Thomas has not identified a *federal* civil cause of action or specified any federal law in support of his claims (as opposed to a claim based on

state law, which he may file in state court). *See* 28 U.S.C. § 1331 (federal question jurisdiction must "aris[e] under the Constitution, laws, or treaties of the United States").

Thomas also fails to meet the requirements of diversity jurisdiction. Even if the Court construes Thomas's allegations as stating cognizable claims under state law, Thomas's claims alleging conversion of his "academic certificates, military documents, mobile phones and a computer" (Am. Compl. at 6) and his request for an order that Defendants "immediately stop sharing my personal information with others" (Am. Compl. at 4) fail to meet the requirements under federal diversity jurisdiction, which requires an amount in controversy of more than $75,000. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'") (citation omitted); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)); *see also Arnold v. Aramark Corp.*, No. 3:18-cv-00025-TC, 2018 WL 6313609, at *3 (D. Or. Nov. 13, 2018) (dismissing the plaintiff's claim in part due to lack of subject matter jurisdiction because "[e]ven if plaintiff amended his claims to allege a cognizable state law tort or contract claim, any claim of damages rising to the jurisdictional level of $75,000 - based on a few missing items of candy, chips, or soda - is so 'fanciful' as to be frivolous"); *cf. Russell v. Access Securepak, Inc.*, No. CIV S-07-0373 RRB GGH PS, 2007 WL 4170756, at *2 (E.D. Cal. Nov. 20, 2007) (finding no diversity jurisdiction where the plaintiffs "have not alleged conduct by defendants which would support a punitive damages award that is approximately 1,500 times the amount of actual damages" of $164.90).

For these reasons, the Court dismisses Thomas's amended complaint without prejudice for lack of subject matter jurisdiction. *See Crook v. Wyndham Destinations, Inc.*, 830 F. App'x 963, 964 (2020) ("[A] dismissal for lack of subject matter jurisdiction should be without prejudice.") (citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004)).

## CONCLUSION

For the reasons stated, the Court dismisses Thomas's amended complaint (ECF No. 7) without prejudice. Thomas may file a second amended complaint within fourteen (14) days from the date of this Order if he is able to cure the deficiencies discussed herein. Failure to file a second amended complaint will result in the Court's dismissal of this action.[1]

DATED this 6th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Thomas previously filed a complaint against Miriam Thomas (also known as Miriam De La Rosa) in August 2020, alleging the same criminal claim he alleges here, and the Court dismissed the case without prejudice. *See* Order of Dismissal (ECF No. 6), *Thomas v. De La Rosa*, No. 3:20-cv-01502-SB.